Porter, J.
# The plaintiff a resident of . # . Pans, in the kingdom of France, contracted I • ⅜ ⅜ . \ with the defendant to serve him eighteen 1 ⅜ b lonths in the capacity of cook. He was to . ¿ receive two thousand five hundred francs per hnnut/i, for his wages, and the defendant.fur-F # [her agreed to pay his passage from Havre to 1 *196 New-Qrlcans, and from New-Orleans back to ’ Havre.
East’n District.
March, 1822.
⅞ in pursuance of this contract the plaintiff came to Louisiana. After he had served the defendant for some months, a dispute arose between them, and he was discharged. This action is brought to recover the whole amount of his wages.
The judge a quo gave judgment that the plaintiff recover the sum of $257 25 cents, which amount he states to have decreed on the following grounds: — $107 25 cents for the period of actual service, and $150 to carry the plaintiff back to France.
It is admitted that Bethmont died after the inception of this suit, and before the rendering of judgment in the district court.
A good deal of evidence was taken to shew the conduct of the parties, and the causes which produced the dispute, that ended by the discharge of the plaintiff But the view I have taken of the case renders it unnecessary to examine that evidence in detail.
Both plaintiff and defendant have appealed!
I think the judgment of the district court is erroneous in that part which allows $150 for *197 the passage hack to Frapce; because, in my opinion, that branch of the contract was personal to the plaintiff, and as by the act of God, it is now impossible for him to perform his part ofit, the defendant cannot be compelled to a performance on his. It is true, that damages were due by the defendant the moment he refused to comply with his agreement, but nothing on the record shews the amount of these damages, or what pecuniary loss the plaintiff suffered by remaining here, iristeaff of returning to his native country. In the absence of proof as to the amount, we cannot give more than a nominal sum.- To give $150 to his heirs, is carrying the contract into complete effect, which, in my opinion, cannot now be done.
As there is a difference of opinion among the members of tip court on this point, I am anxious to state somewhat in detail the reasons which influence mine. I cannot agree with the plaintiff’s counsel, that the promise to pay the passage back to France, bound the defendant for the sum necessary to effectuate» that object, whether he returned or not. On the contrary, I think it was only due in case he should return. If I am right in this posi *198 tion, we have then presented the ordinary case, where the payment of money depends on something to be performed by the other party to the contract. What is the principle of law which governs cases of this kind ? This : that until that performance takes place the money is not due. What is the exception ? That if the act to be done is personal, and the person who has a right to claim its execution prevents it, he shall not take advantage of his own wrong, and he is responsible in damages, if the party who had to perform this act dies during the pendency of the suit. This is the doctrine of Pothier, Traité du louage, n. 455.
The question then returns on my mind what damages are proved ? How are we informed that the plaintiff was injured to the amount of $150, because h|| passage was not paid ? How do we learn that if he had gone hack he would have been benefited in that sum ? Or what damage he sustained by remaining ? There is not even any evidence how much it costs for a passage to France, I therefore think the district court erred in decreeing that the defendant should pay for it.
In respect to the other sum allowed by the judge, it does pot appear to me any error has *199 been committed. Our Code declares, that a man is at liberty to dismiss a hired servant, attached to his person or family, without assigning any reason for it. This construction cannot be shaken by the argument so strongly enforced by the plaintiff’s counsel; that in the present case the parties had contracted for a longer time. Because it is precisely for cases of this kind that we must presume the law to have been made. If the terms of the contract stated no period of service, the master would have the right to dismiss his servant without the authority of this provision in our Code.
I think that the judgment of the district court should be reversed, and that the plaintiff recover of the defendant the sum of $107 25 cents; that the plaintiff pay the costs in this court, and the defendant those of the court below.